IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,531






EX PARTE TYRONE ISAAC EDWARDS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 98-884-C IN THE 54TH DISTRICT COURT


FROM MCLENNAN COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to sixty years' imprisonment. The Tenth Court of Appeals affirmed his conviction.
Edwards v. State, No. 10-99-00251-CR (Tex. App.-Waco Dec. 27, 2010) (unpublished). 

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel
did not file a petition for discretionary review after telling Applicant that he would. The habeas
record includes letters from appellate counsel, one of which admits that counsel did not file a petition
for discretionary review after telling Applicant that he would. Applicant has also attached one page
of an affidavit executed by appellate counsel in which he states that he did not file a petition for
discretionary review "through inadvertence." The State did not file an answer to Applicant's writ
application or contest the authenticity of Applicant's exhibits. 

 Based on the habeas record, Applicant was entitled to petition this Court for discretionary
review and was deprived of the opportunity through no fault of his own. We find, therefore, that
Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the
judgment of the Tenth Court of Appeals in Cause No. 10-99-00251-CR that affirmed his conviction
in Case No. 98-884-C from the 54th Judicial District Court of McLennan County. Applicant shall
file his petition for discretionary review with the Tenth Court of Appeals within 30 days of the date
on which this Court's mandate issues.


Delivered: April 6, 2011

Do not publish